WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Derrick Berry Fontenot,

               Petitioner,

v.

Charles Ryan, et al.,

               Respondents.

No. CV-15-00089-TUC-JGZ (EJM)

**ORDER**

Pending before the Court is Petitioner's Motion to Amend under Fed.R.Civ.P. 15(a) for Violation of Right to Counsel and Violation of the 4th, 5th, and 6th Amendments. (Doc. 21). Respondents oppose amendment. (Doc. 22). Also before the Court is Petitioner's Motion for Custody or Release of a Prisoner in a Habeas Corpus Proceeding, Pending Review of Decision Rule 23(A)(B–3)& (C). (Doc. 27). For the reasons set forth below, the motions are denied.

## I.    BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus on March 6, 2015. (Doc. 1). Respondents filed an Answer on June 19, 2015 (Doc. 15), and Petitioner filed his Reply to the Response on July 21, 2015 (Doc. 16). Accordingly, the habeas petition has been fully briefed for almost one year.

Petitioner also filed a Motion for Appointment of Counsel (Doc. 11), a Motion to Over Turn and Dismiss for Violation of Right to Counsel (Doc. 13), and a Motion to

Expand the Record and Expand the Petition (Doc. 17). On November 23, 2015 the Court denied Petitioner's Motion for Appointment of Counsel. (Doc. 20). The Court construed the Motion to Overturn and Dismiss as a motion to amend under Fed.R.Civ.P. 15(a), and ordered that Document 13 shall be considered a supplement to the § 2254 Petition. Finally, the Court granted the Motion to Expand the Record and Expand the Petition to the extent that the Court allowed Petitioner's Exhibit A to be included as an exhibit to the § 2254 Petition.

Petitioner filed his Motion to Amend under Fed.R.Civ.P. 15(a) on January 29, 2016. (Doc. 21). Petitioner does not elaborate on what his new claims would be, but states generally that he seeks amendment based on violation of his right to counsel and violation of the 4th, 5th, and 6th Amendments.

## II.   DISCUSSION

### A. Motion to Amend

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). The Court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a). Courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In addition, "a district court does not abuse its discretion in denying a motion to amend where the movant presents no

new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845.

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile. Further, "[c]ourts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed." *Halvorsen v. Parker*, 2012 WL 5866220, at *4 (E.D. Ky. Nov. 19, 2012); *cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Here, Petitioner does not actually specify what his new claims are, nor does he provide the Court with a copy of his proposed amended petition as required by LRCiv 15.1(a).[1] It is thus impossible for the Court to determine whether Petitioner's proposed amended claims are meritorious, nor is the Court able to ascertain whether the claims were readily apparent and available when the petition was initially filed. Further, Petitioner has been in possession of all of the documents submitted by respondents in this case since June 2015. Thus, it is unclear what, if any, information Petitioner would have only recently obtained that would have given rise to new claims that were not readily apparent before.

---

[1] LRCiv 15.1 of the Rules of Practice of the U.S. District Court for the District of Arizona requires that the party seeking leave to amend a pleading "must attach a copy of the proposed amended pleading as an exhibit to the motion, which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). Additionally, the moving party must also "lodge with the Clerk of Court an original of the proposed amended pleading." LRCiv 15.1(b). Petitioner did not provide a copy of the proposed amended pleading nor did he lodge a copy of the same as required.

B.  Motion for Release

Petitioner requests that the Court order him to be released on his personal recognizance until the Court issues its ruling on the merits of the § 2254 Petition. In support of his motion, Petitioner cites Rule 23(A)(B–3) & (C). It is wholly unclear what rules Petitioner is referring to: Rule 23 of the Federal Rules of Civil Procedure pertains to class actions, while Rule 23 of the Federal Rules of Criminal Procedure pertains to jury trials. There is no Rule 23 in either the Local Rules of Civil Procedure or the Local Rules of Criminal Procedure. The Court assumes that Petitioner intends to cite Rule 23 of the Federal Rules of Appellate Procedure, "Custody or Release of a Prisoner in a Habeas Corpus Proceeding," but this rule is inapplicable to the Court's ruling on Petitioner's motion. *See United States v. Carreira*, 2016 WL 1047995, at *2 (D. Haw. Mar. 10, 2016) ("It is undisputed that Rule 23 does not grant to district courts the same authority it expressly grants to the Courts of Appeals.").

Petitioner also cites the First Circuit case of *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir. 1972), and alleges that this case provides factual reasons and legal authority to support his entitlement to release. In *Woodcock*, the court noted that "a district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." *Id.* at 94. However, the court upheld the district court's denial of bail, and noted that the district court found the petitioner had not established the likelihood of success on the merits or demonstrated that a health emergency existed. In the present case, Petitioner states that his petition raises "substantial relevant issues," that the "Court has the authority to grant release," and that Petitioner has a "'substained defense' that has 'T]rue' weight for a favorable determination in Petitioners favor." (Doc. 27 at 1). Petitioner does not present any argument as to why he should be released on bail other than to allege that *Woodcock* provides the factual reasons and legal authority in support of his claim to release. However, the Ninth Circuit has not yet resolved the issue of whether a federal court has the power to grant bail pending a decision on a habeas corpus petition. *See In re Roe*, 257

F.3d 1077, 1080 (9th Cir. 2001). Further, in *In re Roe*, the court noted that even assuming a district court does have the authority to release a habeas petitioner on bail, bail should only be granted in extraordinary cases. *Id.* Petitioner's bare assertion of entitlement to release fails wholly short of this standard. Accordingly, the motion will be denied.

## III.    CONCLUSION

For the reasons set forth above, amendment is futile. Petitioner has failed to provide the Court with a copy of his proposed amended pleading pursuant to LRCiv 15.1(a), and does not describe what his proposed new claims actually are. Petitioner has been in possession of numerous documents related to this case for at least one year, and does not explain why the new claims could not have been included when his habeas petition was originally filed, or why he waited over one year from the filing date to request amendment. Indeed, it does not appear that Petitioner has formulated any new claims at all, but rather seeks the Court's permission to file an amended petition at some future time if he determines that there are any additional claims he wishes to present.

The Court will also deny Petitioner's Motion for Release. There is no controlling case law from the Ninth Circuit directing whether the district courts have the authority to grant release pending a decision on a habeas petition filed by a state prisoner. Further, even assuming this Court does possess such authority, Petitioner has failed to present any argument suggesting that his case falls within the "extraordinary circumstances" where bail is warranted.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner's Motion to Amend under Fed.R.Civ.P. 15(a) for Violation of Right to Counsel and Violation of the 4th, 5th, and 6th Amendments  is denied. (Doc. 21).

**IT IS FURTHER ORDERED** Petitioner's Motion for Custody or Release of a Prisoner in a Habeas Corpus Proceeding, Pending Review of Decision Rule 23(A)(B–3)& (C) is denied. (Doc. 27).

. . .

Dated this 2nd day of June, 2016.

Eric J. Markovich
United States Magistrate Judge