WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Berry Fontenot, | No. CV-15-00089-TUC-JGZ (EJM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

    Pending before the Court are Petitioner's Motion for Custody or Release of a Prisoner in a Habeas Corpus Proceeding (Doc. 29), Motion to Expand Current Motion under Review (Doc. 30), and Motion for Status of Case and Copies (Doc. 31).

    Petitioner previously filed a Motion for Custody or Release of a Prisoner in a Habeas Corpus Proceeding. (Doc. 27). The Court denied the motion, reasoning that: "There is no controlling case law from the Ninth Circuit directing whether the district courts have the authority to grant release pending a decision on a habeas petition filed by a state prisoner. Further, even assuming this Court does possess such authority, Petitioner has failed to present any argument suggesting that his case falls within the 'extraordinary circumstances' where bail is warranted." (Doc. 28 at 5).

    In his present Motion for Release, Petitioner states that he will explain why he should be released pending review of his § 2254 Petition. However, Petitioner fails to present any argument as to why this Court should grant his release, but rather focuses his

motion on addressing the substantive arguments at issue in the Petition. Likewise, in his Motion to Expand the Motion for Release, Petitioner presents additional case law in support of his Petition, but makes no argument specific to the Motion for Release. Thus, Petitioner has wholly failed to present the Court with any argument as to why the Court should grant his release.

Further, even assuming that the First Circuit case of *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir. 1972), is binding on this Court, which it is not, the court's statement that "a district court . . . has inherent power to release the petitioner pending determination of the merits" does not mean that the district court is required to release a petitioner simply because he requests it. *Id.* at 94. More importantly, as previously noted by this Court, the Ninth Circuit has not yet resolved the issue of whether a federal court has the power to grant bail to a prisoner pending a decision on a habeas corpus petition. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001); *see also United States v. Carreira*, 2016 WL 1047995, at *1 (D. Haw. Mar. 10, 2016) ("this Court cannot act where it lacks the authority to do so, and . . . it is not clear that district court authority to grant bail pending a Section 2255 motion exists in this Circuit at this time."). Even assuming that the district courts do have such authority, in *Roe* the court noted that bail should only be granted in extraordinary cases. *Roe*, 257 F.3d at 1080; *see also Canas v. Curry*, 2010 WL 5088222, at *1 (N.D. Cal. Dec. 8, 2010) ("assuming such authority exists, the Court notes that a prisoner's release on bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success."). Here, even assuming that this Court does have the authority to grant Petitioner's release, Petitioner's Motion for Release and Motion to Expand the Motion for Release fail to make any argument as to why this is an "extraordinary case[] involving special circumstances [and has] a high probability of success" such that bail is warranted.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's Motion for Release. (Doc. 29).

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Expand Current

Motion under Review. (Doc. 30).

**IT IS FURTHER ORDERED** granting Petitioner's Motion for Status (Doc. 31) as follows:

1) The Clerk of Court shall mail Petitioner date stamped copies of Documents 29 and 30.

2) The Clerk shall also mail Petitioner a copy of the docket list in this case.

3) Petitioner is hereby notified that his § 2254 Petition is currently under review by this Court. All appropriate responses and replies have been filed, and no additional filings are required for the Court to issue a decision on the Petition. Petitioner shall be notified by the Court when any further action is taken in his case.

Dated this 12th day of September, 2016.

_____
Eric J. Markovich
United States Magistrate Judge