1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Berry Fontenot,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-15-00089-TUC-JGZ (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Derrick Berry Fontenot filed a pro se petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 challenging his convictions for aggravated driving under the influence while license is suspended or revoked and aggravated driving while license is suspended or revoked. (Doc. 1). Petitioner raises one ground for relief alleging that his Fifth Amendment due process rights were violated when: a) arresting officers continued to ask him questions after he invoked his right to counsel; b) the breath test was administered after he invoked his right to counsel and the results were used to convict him; c) his request for an independent blood test was denied; and d) the Intoxilyzer machine was not accurate. Respondents filed an Answer contending that while most of Petitioner's claims are exhausted, Petitioner did not properly exhaust his claim regarding the accuracy of the Intoxilyzer on his direct appeal. Respondents assert that Petitioner has failed to show cause and prejudice for the procedural default of this claim, and further argue that all of Petitioner's claims should be

denied on the merits.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. The undersigned finds that Petitioner failed to properly present his claims in Ground One to the Arizona Court of Appeals ("COA") because Petitioner failed to allege a federal legal basis for the claims; thus, the claims are procedurally defaulted and barred from this Court's review. The undersigned further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. Accordingly, the Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2014, a Pima County Superior Court jury found Petitioner guilty of aggravated driving under the influence while license is suspended or revoked and aggravated driving while license is suspended or revoked. (Doc. 15 Ex. O). Petitioner was sentenced to 8 years imprisonment. *Id.* at Ex. V.

The Arizona COA summarized the facts of the case as follows:

> In April 2013, police officers stopped Fontenot's vehicle for an expired license tag, and Fontenot admitted his driver license was suspended. Fontenot exhibited several signs of intoxication and officers discovered an open bottle of whiskey in his vehicle. An officer administered field-sobriety tests, and Fontenot exhibited numerous intoxication cues. Subsequent breath testing showed his AC to be .132 and .134. The evidence also supported the jury's determination that, when Fontenot committed the instant offenses, he was on release in a pending matter in Maricopa County.

(Doc. 15 Ex. BB).

Following his conviction, Petitioner sought review in the Arizona COA. Appointed counsel filed an *Anders* brief stating that she had reviewed the record in the case and found no questions of law, and requested the court review the record for fundamental error. (Doc. 15 Ex. W). Petitioner then filed a pro se supplemental brief requesting that the COA review the record for fundamental error and find that the trial

court did not establish a proper factual basis for the guilty verdict. (Doc. 15 Ex. X). Specifically, Petitioner argued that he should have been given access to counsel early in the DUI investigation, and that he would not have been talked out of an independent blood test if he had counsel present. Petitioner also argued that an elements test was necessary to allow the prosecutor to use Petitioner's prior convictions to increase his sentencing range. The COA then ordered counsel for Petitioner and the State to file simultaneous briefs addressing whether the trial court erred by sentencing Petitioner as a category three repetitive offender. (Doc. 15 Ex. Y). Appointed counsel argued that the trial court incorrectly found that one of Petitioner's priors was proven as a prior felony conviction and requested the COA remand for resentencing. (Doc. 15 Ex. Z). The State conceded error and also requested a remand for resentencing. (Doc. 15 Ex. AA).

In considering Petitioner's argument that the trial court erred in denying his motion to suppress evidence, the COA found that Petitioner made a limited invocation of his right to counsel and that officers confirmed that Petitioner only wanted counsel before questioning but not before testing. (Doc. 15 Ex. BB). The COA therefore concluded that there was no basis to find that the trial court abused its discretion in denying the motion to suppress the results of the breathalyzer. As to Petitioner's sentencing claim, the COA affirmed Petitioner's convictions but vacated the sentences imposed and remanded for resentencing. The trial court then resentenced Petitioner to two concurrent 5 year terms. (Doc. 15 Ex. CC).

Petitioner did not file a Petition for Review with the Arizona Supreme Court, nor did Petitioner file a Rule 32 Petition for post-conviction relief. Petitioner filed his PWHC in this Court on March 6, 2015. (Doc. 1).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by § 2254(d). Finally, even if a constitutional error is found, a petitioner is not entitled to relief if the error was harmless. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (on collateral review in § 2254 cases, court will deem an error harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict").

**A. Exhaustion**

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin*, 541 U.S. at 29 ("To provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to

the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for

federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

**III. ANALYSIS**

Petitioner alleges one ground for relief stating that his Fifth Amendment due process rights were violated when: a) arresting officers continued to ask him questions after he invoked his right to counsel; b) the breath test was administered after he invoked

his right to counsel and the results were used to convict him; c) his request for an independent blood test was denied; and d) the Intoxilyzer was inaccurate. For the reasons explained below, the undersigned finds that Petitioner failed to properly present the federal basis of his claims to the state courts because Petitioner did not make any specific federal constitutional arguments in his brief on direct appeal, and in fact did not cite any law whatsoever in support of his claims. Thus, the undersigned finds that Petitioner's claims are unexhausted and procedurally defaulted and not properly before this Court for review.

To properly exhaust a claim, a petitioner must "give the Arizona courts a 'fair opportunity' to act on his federal [] claim before presenting it to the federal courts." *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004). As noted above, in Arizona the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA. As this Court has explained:

> Fair presentation requires a petitioner to describe both the operative facts and the federal legal theory to the state courts. *Reese*, 541 U.S. at 28, 124 S. Ct. 1347. It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. *Reese*, 541 U.S. at 28, 124 S. Ct. 1347 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim). Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S. Ct. 2074, 135 L.Ed.2d 457 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts...." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the

> pleadings filed in that court to discover the federal claim.
> *Baldwin*, 541 U.S. at 27, 124 S. Ct. 1347.

*Date v. Schriro*, 619 F.Supp.2d 736, 764–65 (D. Ariz. 2008); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

Here, Petitioner argued in his motion to suppress before the trial court that he was denied his right to counsel and that the breath test results should therefore be suppressed. (Doc. 15 Ex. F). The first paragraph of the motion references the Sixth and Fourteenth Amendments of the United States Constitution, and the concluding paragraph refers to Petitioner's due process rights to a fair trial, but Petitioner's argument focuses on Arizona state law and rules. This motion before the trial court is insufficient to properly exhaust Petitioner's federal claims for two reasons. First, the Ninth Circuit has specifically held that a petitioner's "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory . . ." fails to satisfy the fair presentment requirement. *Castillo*, 399 F.3d at 1002–03 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *Hivala*, 195 F.3d at 1106 ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").

Second, the motion to suppress was a pre-trial motion filed with the trial court, and for purposes of federal habeas review, exhaustion requires proper presentation of a federal claim to the state's highest court on either direct appeal or collateral review. *Baldwin*, 541 U.S. at 29. "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32; *see also Robinson v. Kramer*, 588 F.3d 1212, 1216–18 (9th Cir. 2009) (rejecting petitioner's argument that his

federal claim was exhausted because it was raised in the trial court and appeared in the trial transcript). Thus, to properly exhaust a claim, the petitioner must have presented his federal constitutional issue before the appropriate state court "within the four corners of his appellate briefing." *Castillo*, 399 F.3d at 1000 (rejecting petitioner's claim "that his trial court pleadings fairly presented his federal due process claim to the Court of Appeals" because "the Arizona Court of Appeals was not required to review the parties' trial court pleadings to see if it could discover for itself a federal, constitutional issue"). Thus, even if Petitioner had sufficiently articulated a federal legal theory for his claims in the motion to suppress, it would still be insufficient to fairly present the federal claims to the COA because the appellate court is not required to "read beyond" the appellate brief to locate a federal claim in a lower court opinion.

Furthermore, Petitioner failed to argue on direct appeal that his claims violated either controlling United States Supreme Court law or the United States Constitution, and in fact argued no state or federal law in his appellate brief. A petitioner does not satisfy the exhaustion requirement "by presenting the state courts only with the facts necessary to state a claim for relief[;]" the specific constitutional right allegedly violated must also be identified. *Grey v. Netherland*, 518 U.S. 152, 162–63 (1996); *see also Shumway v. Payne*, 223 F.3d 982, 998 (9th Cir. 2000) (a claim is not "fairly presented" to the state court unless the petitioner "specifically indicated to that court that those claims were based on federal law"). Thus, Petitioner failed to properly present the federal basis for his claims to the COA.

Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they

are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in state court. Accordingly, the undersigned finds that Petitioner's claims in Ground One are technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. There was no objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule; Petitioner simply failed to allege the specific federal constitutional nature of the claims in state court. *See Murray*, 477 U.S. at 488; *see also Engle*, 456 U.S. at 134 n.43 (the court need not examine the existence of prejudice if the petitioner fails to establish cause). Accordingly, the undersigned finds that Ground One is technically exhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of this claim is therefore precluded.

**IV.    RECOMMENDATION**

In conclusion, the Magistrate Judge **RECOMMENDS** that the District Court **DENY** Petitioner Derrick Berry Fontenot's Petition for Writ of Habeas Corpus. (Doc. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id*. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States* v. *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 19th day of December, 2017.

Eric J. Markovich
United States Magistrate Judge